10-CR-00081-PLAGR

Judge Pechman

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

APR - 6 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RHONDA L. BREARD, <br><br> Defendant. | NO. CR10-81MJP <br><br> PLEA AGREEMENT |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, Carl Blackstone and Matthew Diggs, Assistant United States Attorneys for said District, and the defendant, RHONDA L. BREARD, and her attorney, Ronald J. Friedman, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Mail Fraud, as charged in Count One of the Information, in violation of Title 18, United States Code, Section 1341. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document.

PLEA AGREEMENT/RHONDA L. BREARD - 1
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant further understands that before entering her plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

3. <u>Elements of the Offense</u>. The elements of the offense of Mail Fraud, as charged in Count One, in violation of Title 18, United States Code, Section 1341, are as follows:

First, Defendant made up a scheme or plan for obtaining money or property by making false promises or statements;

Second, Defendant knew the promises or statements were false;

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property;

Fourth, Defendant acted with the intent to defraud; and

Fifth, Defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

4. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of Mail Fraud, as charged in Count One, are imprisonment for up to twenty (20) years, a fine of up to two hundred and fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to three (3) years, and a one-hundred dollar ($100.00) penalty assessment.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which she will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and she violates one or more of its conditions, she could be returned to prison for all or part of the term of

PLEA AGREEMENT/RHONDA L. BREARD - 2
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that, by pleading guilty, she knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty, and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant;

   h. The right to appeal a finding of guilt or any pretrial rulings;

6. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in

similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

      a.     The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

      b.     After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

      d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.    <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    <u>Restitution</u>. Defendant shall make restitution in an amount to be determined at sentencing, with credit for any amounts already paid. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

9.    <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits she is guilty of the charged offense and expressly waives any right to have these facts determined by a jury beyond a reasonable doubt.

**A.    Introduction**

At all material times:

1.    RHONDA L. BREARD, owned and operated Breard & Associates, an investment advisor business, in Kirkland, Washington.

2.    RHONDA L. BREARD was a registered securities broker and investment advisor and as such, was licensed to sell securities and make investment recommendations in Washington State.

PLEA AGREEMENT/RHONDA L. BREARD - 4
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

3. RHONDA L. BREARD was licensed to sell insurance and annuity products in Washington State.

4. From February 2002 until February 2010, RHONDA L. BREARD was a registered General Securities Representative for ING Financial Partners, Inc., through whom she conducted business.

5. RHONDA L. BREARD relied upon television and seminars to recruit business. For example, she would send out mailings to numerous individuals inviting them to attend a course called "Financial Strategies For a Successful Retirement." The cost of the course was $49. RHONDA L. BREARD taught the course, which typically consisted of 15 to 25 individuals. At the end of the course the participants were told that they could obtain a free retirement analysis from RHONDA L. BREARD. Those individuals who opted for a free retirement analysis would receive from RHONDA L. BREARD a financial plan and recommendations for various investments. After receiving the free plan and recommendations, the individual would then decide whether to become one of RHONDA L. BREARD's clients. RHONDA L. BREARD obtained many clients through the operation of these seminars, and had over 100 investment clients.

**B.    The Scheme and Artifice to Defraud**

6. Beginning during 2004 and continuing until on or about February 8, 2010, within the Western District of Washington and elsewhere, the defendant, RHONDA L. BREARD, knowingly devised a scheme and artifice to defraud investors and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

7. It was a part of the scheme that beginning during 2004, RHONDA L. BREARD would recommend to certain of her established clients that they should liquidate one or more of their existing investments and then transfer the funds into another financial product recommended by RHONDA L. BREARD. RHONDA L. BREARD did so with the intention of unlawfully converting those funds to her own use. In order to complete this transfer, RHONDA L. BREARD directed the client to issue a check payable to Breard & Associates in the amount of the funds being transferred. Instead of using these funds to purchase the promised investments, RHONDA L. BREARD deceived her clients and converted these funds to her own use and benefit.

8. It was a further part of the scheme that RHONDA L. BREARD would provide her clients with account statements which falsely reflected that the investors' funds had actually been invested as promised, when, in fact, they had not.

9. One of the victims defrauded by RHONDA L. BREARD was M.F. At least by 2007, RHONDA L. BREARD induced M.F., an established client, to liquidate her investments and provide RHONDA L. BREARD with significant funds, which RHONDA L. BREARD represented would be transferred into various other investments recommended by RHONDA L. BREARD. Instead of investing these funds as promised, RHONDA L. BREARD diverted M.F.'s funds to her own personal benefit and use. Thereafter RHONDA L. BREARD mailed false account statements to M.F. which reflected that M.F.'s funds had actually been invested as promised. These account statements would contain M.F.'s name and address but the account numbers on the statements, showing ownership of various mutual funds, belonged to other individuals, who also invested their money with RHONDA L. BREARD.

10. During the course of the scheme, RHONDA L. BREARD defrauded at least 37 individuals out of at least $9.4 million dollars.

PLEA AGREEMENT/RHONDA L. BREARD - 5
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## C. EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

11. In or about January 2010, within the Western District of Washington and elsewhere, RHONDA L. BREARD, for the purpose of executing this scheme and artifice to defraud investors and for obtaining money and property by false and fraudulent pretenses, representations, and promises and attempting to do so, did knowingly cause to be sent and delivered by the United States Postal Service, according to the directions thereon, two false account statements to M.F. in Issaquah, Washington. One statement was for an Individual Retirement Account ("IRA") which falsely reflected that M.F. owned an IRA with an account value of $76,181.02 and the other statement was for a Roth Individual Retirement Account which falsely reflected that M.F. owned a Roth IRA with an account value of $9,847.89.

10. <u>Sentencing Factors</u>. As part of this Plea Agreement, the parties agree and stipulate that the following Sentencing Guidelines provisions apply to this case:

    a. The parties agree that the base offense level for mail fraud is 7 pursuant to USSG § 2B1.1(a)(1);

    b. The parties agree that pursuant to USSG § 2B1.1(b)(1)(K) the offense level is increased 20 levels because the loss amount is more than $7 million but less than $20 million;

    c. The parties agree that pursuant to USSG §2B1.1(b)(2)(A)(i) the offense level is increased by 2 levels because the offense involved 10 or more victims. If further investigation reveals that there were more than 50 victims, the government reserves the right to argue for a 4-level increase pursuant to USSG §2B1.1(b)(2)(B).

    d. The parties agree that pursuant to USSG §2B1.1(b)(17)(A) the offense level is increased 4 levels because the fraud involved a violation of securities law, and at the time of the offense, the defendant was a registered broker or dealer, was associated with a registered broker or dealer, was an investment advisor, and was associated with an investment advisor.

The parties reserve the right to argue for the applicability of any other sentencing factors.

11 <u>Forfeiture</u>. Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to mail fraud (18 U.S.C. §1341),

PLEA AGREEMENT/RHONDA L. BREARD - 6
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and (D) and Title 28, United States Code, Section 2461(c), including the following assets:

Real Property

(a) The real property located at 6625 Ripley Lane North, Renton, Washington, King County Parcel Number 334330-2440, together with its Buildings, Improvements, Appurtenances, Fixtures, Attachments, and Easements, more particularly described as:

Lots 31 and 32, Block B, C.D. Hillman's Lake Washington Garden of Eden Addition to Seattle Division No. 3, according to the Plat thereof recorded in Volume 11 of Plats, Page(s) 81 in King County, Washington; together with Second Class Shorelands Adjoining;

(b) The real property located at 23812 NE 61st Street, Redmond, Washington, King County Parcel Number 102506-9033, together with its Buildings, Improvements, Appurtenances, Fixtures, Attachments, and Easements, more particularly described as:

Lot 1, King County Short Plat Number L95S0033, Recorded Under Recording Number 20000202900008, in King County, Washington Together with and easement for access and utilities across Tract C2 of King County Short Plat Number L95S0033 and Tract C1 of King County Short Plat Number L95S0034, recorded under Recording Number 20000202900009;

(c) The real property located at 24603 NE 126th Street, Duvall, Washington, King County Parcel Number 262606-9025, together with its Buildings, Improvements, Appurtenances, Fixtures, Attachments, and Easements, more particularly described as:

Lot 4 of King County Short Plat No. R978113, recorded under Recording No. 8503130622, Records of King County, Washington, said Short Plat is a revision of Short Plat recorded under Recording No. 7908240838; together with an easement for ingress, egress, and utilities described as Tract "X" in said Short Plat;

Vehicles

(d) One (1) 2009 Cadillac Escalade, Washington license plate 838YZC and VIN 1GYFK43589R182617, registered in the name of RHONDA BREARD;

(e) One (1) 2006 Dodge Charger, Washington license plate 245VDM and VIN 2B3LA73W36H419842, registered in the name of RHONDA L. BREARD;

(f) One (1) 2006 Ford F350 Pick-Up, Washington license plate B07254G and VIN 1FTSW31P26EA16281, registered in the name of RHONDA L. BREARD;

(g) One (1) 2007 Honda Element, Washington license plate 235WNO and VIN 5J6YH28727L014431, registered in the name of RHONDA L. BREARD;

PLEA AGREEMENT/RHONDA L. BREARD - 7
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

(h) One (1) 2007 Weekend Warrior FS2600 Travel Trailer, Washington license plate 9392UL and VIN 5HRFF26207C020482, registered in the name of RHONDA BREARD;

(i) One (1) 2008 Triton trailer, Washington license plate 2995UZ and VIN 4TCSS11148HD12289, registered in the name of RHONDA L. BREARD;

(j) One (1) 2009 cargo trailer, Washington license plate 2471UZ and VIN 5HHUBL2129T421830, registered in the name of RHONDA BREARD;

(k) One (1) 2008 Yamaha YFZ450, Washington license plate 181389S and VIN JYE8ET0018A012213, registered in the name of RHONDA BREARD;

(l) One (1) 2008 Yamaha YFM80RXG, Washington license plate number 374950A and VIN JY4AB05Y28C001382, registered in the name of RHONDA BREARD;

(m) One (1) 2008 Yamaha YFM80RXG, Washington license plate 374951A and VIN JY4AB05Y48C001383, registered in the name of RHONDA BREARD;

(n) One (1) 2008 Yamaha YFM70RSP, Washington license plate 374952A and VIN JY4M14Y38C004289, registered in the name of RHONDA BREARD;

(o) One (1) 2008 Yamaha YFZ450, Washington license plate 374949A and VIN JY4AJJ35Y58C000618, registered in the name of RHONDA L. BREARD;

(p) One (1) 2008 Mirage Xtreme Snow Trailer, Washington license plate 0938UI and VIN 5M3BE262881031954, registered in the name of RHONDA BREARD;

(q) One (1) 2009 Mercedes Benz SL550 currently located at Mercedes of Bellevue;

(r) One (1) 2007 Kawasaki jet ski, Washington license plate D079718 and VIN WN0748NW;

(s) One (1) 2007 Kawasaki jet ski, Washington license plate D079717 and VIN WN0749NW;

(t) One (1) 2007 Kawasaki jet ski, Washington license plate D079716 and VIN WN0750NW;

(u) One (1) 2008 Ski-doo Summit Everest, Washington license plate 179249S and VIN 2BPSCT8B98V000241, registered in the name of RHONDA BREARD;

(v) One (1) 2008 Ski-doo Summit Everest, Washington license plate 181125S and VIN 2BPSCU8B48V000203, registered in the name of RHONDA BREARD;

(w) One (1) 2009 Ski-doo X 154, Washington license plate 185633S and VIN 2BPSCG9C39V000154, registered in the name of RHONDA L. BREARD;

PLEA AGREEMENT/RHONDA L. BREARD - 8
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

(x) One (1) 2008 Ski-doo Summit Everest 146, Washington license plate 181126S and VIN 2BPSCU8B78V000227, registered in the name of RHONDA BREARD;

(y) One (1) 2008 Ski-doo SM-MXZ ADP800R, Washington license plate 187645S and VIN 2BPSBD8A18V000203, registered in the name of RHONDA LEE BREARD;

(z) One (1) 2007 EZ Loader EZWV2100 boat trailer, Washington license plate 1921TW and VIN 1ZEABLHE27A139497, registered in the name of RHONDA BREARD;

(aa) One (1) 2007 EZ Loader EZWV1250 boat trailer, Washington license plate, 1922TW and VIN 1ZEABLDA47A130562, registered in the name of RHONDA BREARD;

(bb) One (1) 2006 Winnebago WPG37B 37ft motor home, Washington license plate 365403A and VIN 5B4MPA7G263413301, registered in the name of RHONDA L. BREARD;

(cc) One (1) KTM 250SX-F ATV, Washington license plate 365403A and VIN VBKMXJ4386M007334, registered in the name of M.G.;

(dd) One (1) Toyota Tacoma Xtra Cab, Washington license plate A69093u and VIN 5TEWN72N64Z362269, registered in the name of M.G.;

Money and Personal Property

(ee) Miscellaneous Jewelry currently valued at $5,000.00;

(ff) All proceeds contained in Reliastar Life Variable Universal Life Insurance Contract;

(gg) $150,000.00 in United States funds representing a cashier's check from Bank of America account held in the name of RHONDA L. BREARD;

(hh) $100,064.00 in United States currency seized from Chase Bank Safe Deposit Box No.653;

(ii) All personal property including, but not limited to, furniture, computers and office supplies, owned by RHONDA L. BREARD, and not permanent fixtures or leased property, located at 4040 Lake Washington Blvd., Suite 305, Kirkland, Washington 98033;

(jj) All other personal property not yet identified herein, or by the parties, owned by RHONDA L. BREARD, that constitutes or is derived from proceeds traceable to the offense charged, contained within the above listed real property or any other location not yet identified by the parties; and

(kk) Any and all lease payments collected by RHONDA L. BREARD and/or her agents and representatives, pursuant to any leasehold agreement, written or oral, for any of the above-listed real properties.

Defendant agrees to fully assist the United States in the forfeiture of the assets to be identified by agreement of the parties or by order of the court, and to take whatever steps

PLEA AGREEMENT/RHONDA L. BREARD - 9
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the property in any civil forfeiture proceeding, administrative or judicial, which may be initiated.

Defendant further agrees to provide a truthful proffer or statement regarding all of Defendant's assets and to make a full and complete disclosure of all assets in which Defendant has any interest or over which Defendant exercises control and those which are held or controlled by a nominee(s). Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The United States reserves its right to proceed against any remaining assets not identified by agreement of the parties or subsequent order of the court, including any property in which Defendant has any interest or control, if said assets, real or personal, tangible or intangible constitute or are traceable to proceeds derived from mail fraud, in violation of Title 18, United States Code, Section 1341, which are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and (D) and Title 28, United States Code, Section 2461(c).

12. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will

PLEA AGREEMENT/RHONDA L. BREARD - 10
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

13. <u>Acceptance of Responsibility</u>. The United States acknowledges that Defendant has assisted the United States by timely notifying the authorities of her intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If at the time of sentencing, the United States remains satisfied that Defendant has accepted responsibility, then it will recommend a sentence that takes this acceptance of responsibility into consideration. Defendant understands and agrees that the United States will base its recommendation on factors set forth in the United States Sentencing Guidelines, including Section 3E1.1.

14. <u>Waiver of Appeal</u> As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion, pursuant to 28 U.S.C. § 2241, to address the conditions of her confinement or the decisions of the Bureau of Prisons regarding the execution of her sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

PLEA AGREEMENT/RHONDA L. BREARD - 11
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

15. <u>Voluntariness of Plea</u>. Defendant acknowledges that she has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

16. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of her conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration. Such a sentence could include, to the extent the United States Sentencing Guidelines are applicable, a sentencing enhancement or upward departure.

///

///

///

PLEA AGREEMENT/RHONDA L. BREARD - 12
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

18. <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of April, 2010.

_____
RHONDA L. BREARD
Defendant

_____
RONALD J. FRIEDMAN
Attorney for Defendant

_____
CARL BLACKSTONE
Assistant United States Attorney

_____
MATTHEW DIGGS
Assistant United States Attorney

PLEA AGREEMENT/RHONDA L. BREARD - 13
CR10-81MJP

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970